# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MIA HOLLINGSWORTH,<br><br>*Plaintiff*,<br><br>v.<br><br>LM INSURANCE CORPORATION,<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:17-cv-00494-TES |

### ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE A MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff, Mia Hollingsworth, seeks reconsideration of the Court's Order [Doc. 30] granting summary judgment to LM Insurance Corporation ("LM"), or in the form of alternative relief, she seeks an alteration or amendment to the Court's Entry of Judgment [Doc. 31]. After consideration of her arguments, the Court **DENIES** Plaintiff's requested relief for the following reasons.

## DISCUSSION

### A. Standard of Review

Pursuant to local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.6, MDGa. Accordingly, such motions are appropriate only if Plaintiff demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time

the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice."[1] *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See id.*; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

### B. Plaintiff's Motion for Reconsideration or in the Alternative a Motion to Alter or Amend Judgment [Doc. 32]

In her motion, Plaintiff states that she "seeks the opportunity to bring to the attention of the Court evidence that does in fact show the cost of new construction and [to] properly lay the foundation for the Court why the evidence is admissible." [Doc. 32-1 at p. 1]. As to the estimates for new construction costs from the Home Builders Association of Middle Georgia, Plaintiff says that while she did obtain those estimates as hearsay, "there is other evidence [(five listings for new construction)] showing the cost of new construction that was proffered to the Court in an admissible form of evidence." [*Id.* at p. 2]. This argument simply misses the mark.

---

[1] This Court's local rules also state that "[t]he following motions may be considered by the Court immediately after filing: motions for extension of time, motions to exceed the page limitation, motions for hearings, motions to file surreply briefs, *motions which clearly have no basis in law, and such other motions as the Court may otherwise determine from the parties to be unopposed or in which the Court may clearly determine from the record before it the relative legal positions of the parties so as to obviate the need for the filing of opposition thereto.*" LR 7.7, MDGa (emphasis added).

Plaintiff argues, "[t]he asking prices of new construction in turn can be used to calculate that the cost per square foot of new construction in the area was in fact between $100.00–$112.00 per square foot." [*Id.*]. While these calculations are concordant with the inadmissible figures provided by the unnamed secretary from the Middle Georgia Homebuilders Association, they do not produce the value Plaintiff needed to overcome LM's summary judgment motion. In her argument urging the Court to reconsider its Order, Plaintiff clearly admits that not only were the "five listings for new construction" just "*asking prices*," they presumably included both the price for the land on which the five houses sit as well as improvements to the land itself. [*Id.*]. Because Plaintiff already owns the real property at 988 High Street, these estimates are not relevant and she definitively cannot show the costs of new construction stripped to construction materials and labor. [Doc. 30 at pp. 17–18]. Each house's "asking price" divided by its respective square footage does not show the cost of new construction for the simple fact that land is included in those prices. *See, e.g.*, [Doc. 32-1 at p. 2].

Further, Plaintiff contends that the "five listings for new construction," despite being found on the internet, are admissible because they are compilations of market information exempted from the rule against hearsay under Federal Rule of Evidence 803(17). [*Id.* at p. 3]. Plaintiff provides absolutely no legal support for this contention in the instant motion and failed to even make such an argument in her Response [Doc. 26] to LM's summary judgment motion. Once the movant, LM in this case, satisfied its burden on

summary judgment, the burden shifted to the non-movant, Plaintiff, to present admissible evidence that would create the genuine issue of material fact needed to carry the case to a jury. [Doc. 30 at p. 9 quoting *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006)]. Plaintiff failed to present this evidence. It was not until *after* the Court discussed Rule 803(17) in its Order in light of LM's admissibility argument against the reports from Realtor.com and Zillow.com that Plaintiff made her argument regarding market compilations. [Doc. 32-1 at p. 3]; *see also* [Doc. 27 at p. 3 citing *In re Cochreham*, No. 13–26465–A–13J, 2013 WL 4510694 at *3 (Bankr. E.D. Cal. Aug. 23, 2013)]. As such, the Court will not entertain such argument at this late stage in the proceedings. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal citations and quotations omitted) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment. This prohibition includes new arguments that were previously available, but not pressed."). Even if the Court did consider her five "asking-price" estimates, they are not the correct values Plaintiff needed in order to show that the cost of new construction (replacement costs) exceeds the cost to repair. Thus, summary judgment in favor of LM was warranted.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion for Leave to File Motion for Reconsideration or in the Alternative a Motion to Alter or Amend Judgment

4

[Doc. 32]. The Court's previous Order stands and the Clerk's Entry of Judgment shall remain unaltered.

**SO ORDERED**, this 14th day of March, 2019.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**